UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAVID D. DRAGO | * | CIVIL ACTION NO.:  13-cv-563 |
| | * | |
| versus | * | SECTION N, Judge Engelhardt |
| | * | |
| QIANA S. SYKES, GEICO | * | MAGISTRATE 1, Magistrate Shushan |
| CASUALTY COMPANY and | * | |
| STATE FARM MUT. | * | |
| AUTO. INS. CO. | * | |

*************************************************************************

**Plaintiff's Opposition to Defendant's
Motion for Summary Judgment on the Issue of
State Farm's Basis for Failure to Tender UM Benefits**

Under Louisiana law, an underinsured motorist carrier is obligated to make an unconditional tender to its insured for any amount not in dispute within 30 days of receiving satisfactory proof that: (1) the tortfeasor was underinsured; (2) the tortfeasor was at fault; (3) the fault caused damages; and (4) establishes the extent of the damages.  Here, David Drago produced a copy of the police report and his explanation of the accident in his discovery responses to his UIM carrier, State Farm Mutual Automobile Insurance Company.  State Farm had previously determined that Qiana Sykes was 20% liable for the accident.  Drago additionally produced proof that he had settled with Sykes's insurer for policy limits of $30,000 and that his medical special damages totaled over $33,000.  Is State Farm correct in its assertion that it has not received satisfactory proof that Sykes is liable for this accident and that she was underinsured?

**Facts**

On September 26, 2011, Drago rear-ended Qiana Sykes while traveling in a toll tag lane of the Crescent City Connection.  But Drago has always contended that he is not at fault for the accident because Sykes had suddenly and unexpectedly slammed on her brakes in an effort to

abruptly change lanes into a cash lane.  Drago was cited for following too closely and Sykes was cited under La. R.S. 32:64 for impeding the flow of traffic.

Sykes made a claim against Drago.  Drago's insurer, State Farm, settled Sykes's claim, finding that Sykes was 20% at fault for the collision.  *Exhibit* 1, Claims File Excerpts, p. 17 ("Handling loss on a comparative basis…mgmt stands behind the 80/20 liab decision"); 20 ("Liab assessed at 80% insd and 20% clmt."); 21 ("Final liability: 80% NID-FTC.  20% CD-imposing flow of traffic.  Per NI statement and PR-IV r/e V2 that stopped in a pass thru only toll lane, clmt had 12 lanes to choose from and created a hazard by entering one that does not stop.").

Meanwhile, Drago made a claim against Sykes and her insurer, Geico.  On October 24, 2012, Geico tendered its policy limits of $30,000 to Drago.

Later, approximately six months after the accident, Drago contacted State Farm, as his underinsured carrier, to see if he could make a claim for his injuries.  State Farm informed Drago that he could not make a claim because he was at fault for the accident.

On September 25, 2012, Drago filed suit against State Farm, alleging that State Farm acted in bad faith in the adjustment of his claim and failing to tender any payments under the UIM policy.

Drago originally responded to State Farm's discovery requests on November 20, 2012 and provided State Farm with:

- Sykes's declaration page and a check stub showing that Geico tendered its policy limits;

- his explanation of the accident and a copy of the police report;

- a description of his injuries and treatment, which included a full-thickness tear of his supraspinatus tendon that required arthroscopic shoulder surgery;

- and records and bills from multiple medical providers.

*See Exhibit* 2, Drago's First Response to State Farm's Discovery Requests.

Drago supplemented his responses on February 21, 2013.  The responses referenced all previously provided medical records and bills and calculated that, at that time, he had accrued $33,746.35 in medical expenses.  *Exhibit* 3, Drago's Supplemental Responses.

To date, State Farm has not made any unconditional tender under the policy.

Now, State Farm has filed this motion for summary judgment, requesting dismissal of Drago's claim for bad faith for failing to make a tender after suit was filed.

## Law and Argument

Under La. R.S. 22:1973, a UIM insurer owes its insured a duty of good faith and fair dealing and as such, under La. R.S. 22:1892, must make an unconditional tender for any amount not reasonably in dispute within 30 days of receiving satisfactory proof of loss.[1]  *See e.g. McDill v. Utica Mutual Insurance Company*, 475 So.2d 1085, 1091 (La. 1985) (stating that if "the insured has made a showing that the insurer will be liable for some general damages, the insurer must tender the reasonable amount which is due"); *Steadman v. Sotelo*, 807 So.2d 911 (La. App. 4 Cir. 2002) (insurer obligated to make unconditional tender for funds not in dispute).  A satisfactory proof of loss is proof that: (1) the tortfeasor was uninsured/ underinsured; (2) the tortfeasor was at fault; (3) the fault caused damages; and (4) establishes the extent of the damages.  *McDill*, 475 So.2d at 1089.

Here, State Farm's motion for summary judgment seeks a finding that since institution of this suit, (1) Drago has never provided proof that Sykes was at fault for this accident and (2)

---

[1] To be clear: Drago is in no way waiving his allegation that State Farm acted in bad faith by misrepresenting his ability to assert a claim under his UIM policy.  For the purposes of this opposition, Drago is only addressing State Farm's arguments that it had a justifiable basis to continue to deny any liability for the accident even after Drago filed suit against State Farm.

Drago has not provided proof that Sykes was underinsured.  The standard for summary judgment is well known: whether there is a genuine issue of material fact.  In this case, there are issues of fact that State Farm (1) had proof that Sykes was at least partially at fault for the accident from Drago's discovery responses and its prior investigation of Sykes's claim and (2) Drago's discovery responses showed that his medical special damages alone exceeded Sykes's $30,000 policy limits.

First, State Farm has been provided with proof that Sykes was at least partially at fault for the collision.  Drago provided State Farm with proof of Sykes's liability in his first response to State Farm's discovery requests.  Specifically, Drago provided a copy of the police report, which showed that Sykes was cited for the accident for impeding the flow of traffic.  *See Exhibit* 2, Drago's First Response to State Farm's Discovery Requests.  In addition, Drago provided his explanation of the accident that Sykes had suddenly stopped unexpectedly.  *See Exhibit* 2, Drago's First Response to State Farm's Discovery Requests.  Moreover, as mentioned, State Farm had already investigated the matter and concluded that Sykes was at least 20% at fault for the collision. *Exhibit* 1, Claims File Excerpts, p. 17 ("Handling loss on a comparative basis…mgmt stands behind the 80/20 liab decision"); 20 ("Liab assessed at 80% insd and 20% clmt."); 21 ("Final liability: 80% NID-FTC.  20% CD-imposing flow of traffic.  Per NI statement and PR-IV r/e V2 that stopped in a pass thru only toll lane, clmt had 12 lanes to choose from and created a hazard by entering one that does not stop.").  But despite Drago's discovery responses and its prior investigative conclusions, State Farm now alleges in its motion that it has a reasonable basis to assert that Drago is 100% at fault for this accident.  Simply put, State Farm does not have a reasonable basis to assert that Drago may be found 100% at fault when State Farm did not even make that conclusion.

4

Furthermore, State Farm's current reliance on Sykes's affidavit is not reasonable.  First, the affidavit was signed on May 2, 2013.  *See* Sykes's Affidavit, *attached as Exhibit E to State Farm's Motion, document 14-7.*  Thus, State Farm necessarily could not have relied on the affidavit in November 2012 (when Drago provided his original discovery responses) to deny all liability for the accident.  Second, Sykes's affidavit contains expert opinions that she is not qualified to make.  Specifically, her affidavit alleges "[Drago's vehicle] was far enough behind me that he had enough time to stop his vehicle and otherwise avoid the collision" and that "[t]he accident was entirely Mr. Drago's fault."  *See* Sykes's Affidavit, *attached as Exhibit E to State Farm's Motion, document 14-7.*  Sykes is not an expert in physics or motor vehicle accidents and therefore cannot conclude that Drago should have been able to stop his vehicle before the collision.  Hence, State Farm's reliance on Sykes's affidavit to prove its good faith in this motion is unreasonable.

Second, Drago provided State Farm with proof that Sykes was underinsured in his discovery responses.  First, Drago produced Sykes's declarations page evidencing her policy limits of $30,000.  *See Exhibit* 2, Drago's First Response to State Farm's Discovery Requests.  Drago additionally produced the settlement check showing that Geico tendered its policy limits.  *See Exhibit* 2, Drago's First Response to State Farm's Discovery Requests.  Drago's original responses listed the medical care providers he saw as a result of the accident, identified the treatment he underwent (including arthroscopic shoulder surgery and lumbar injections), and provided records and bills from various providers.  *See Exhibit* 2, Drago's First Response to State Farm's Discovery Requests.  Drago's supplemental responses indicated that he had incurred $33,746.35 in medical expenses.  *See Exhibit* 3, Drago's Supplemental Responses.  As State Farm has previously pointed out, quantum for shoulder surgery generally ranges from

$100,000 to $245,000.  Given that Drago's special damages exceeded Sykes's policy limits and the relevant quantum, Drago provided State Farm with satisfactory proof that Sykes was underinsured.

### Conclusion

In short, Drago did provide State Farm with proof that Sykes was at fault for this accident and that she was underinsured for his damages.  Specifically, Drago produced the police report and his explanation for the accident and, moreover, State Farm had already concluded that Sykes was 20% at fault for the collision.  Drago additionally produced proof that Sykes's insurer tendered him its policy limits of $30,000 but that he had incurred over $33,000 in medical expenses.  Consequently, State Farm's motion for summary judgment on the issue of its basis for failure to tender UIM benefits should be denied.

**WHEREFORE**, Plaintiff, David D. Drago, moves the Court to deny the motion for summary judgment on the issue of State Farm Mutual Automobile Insurance Company's basis for failure to tender UIM benefits.

Respectfully submitted,

**BRANDNER LAW FIRM, L.L.C.**

*/s Michael S. Brandner*
MICHAEL S. BRANDNER, JR. (La. Bar 27973)
KEITH A. CONLEY (La. Bar 28328)
610 Baronne St., 3rd Floor
New Orleans, Louisiana  70113
Telephone:  (504) 552-5000
Facsimile:  (504) 521-7550
*Attorneys for David A. Drago*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing pleading has been served on counsel of record by filing with CM/ ECF on this 27th day of August 2013.

*/s Michael S. Brandner*
**Michael S. Brandner, Jr.**