UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID A. DRAGO | CIVIL ACTION |
| VERSUS | NO. 13-563 |
| QIANA S. SYKES, ET AL | SECTION "N" (1) |

## ORDER AND REASONS

Before the Court is a Motion for Partial Summary Judgment Regarding Plaintiff's Claim for Bad Faith for Allegedly Failing to Tender UM Benefits **(Rec. Doc. 14)**, filed by defendant State Farm Mutual Automobile Insurance Company ("State Farm"). Opposition and reply memoranda are filed at Rec. Docs. 16, 22 and 24.

## I. BACKGROUND:

This case arises out of a car accident on September 26, 2011, in which the plaintiff rear-ended a vehicle driven by Qiana Sykes in the Crescent City Connection toll plaza. Plaintiff's insurer, State Farm Mutual Automobile Insurance Company ("State Farm"), settled without litigation the personal injury and property damage claims filed by Ms. Sykes. One year after the accident, on September 25, 2012, plaintiff filed suit in the Civil District Court, Parish of Orleans, against Sykes, her insurer (Geico Indemnity Company), and State Farm, alleging that Sykes was at fault for the accident and that State Farm owes him underinsured motorist ("UM") coverage. (Rec. Doc. 4-3). On December 7, 2012, plaintiff filed a motion to dismiss Sykes and

Geico after settling with Geico for policy limits of $30,000. (Rec. Docs. 4-5 at 7, 4-6). State Farm then removed the case to this Court on the basis of diversity.

In addition to seeking payment of UM benefits, plaintiff seeks statutory penalties against State Farm pursuant to sections 22:1892 and 22:1973 of the Louisiana Revised Statutes. Prior to removal, in response to interrogatories concerning plaintiff's basis for seeking penalties, plaintiff indicated that the claim was limited to an alleged misrepresentation by a State Farm representative regarding plaintiff's right to make a claim under his UM policy. *See* Rec. Doc. 14-5 at 8 of 9. Later, however, plaintiff supplemented his answers to interrogatories to state that he now also seeks penalties and damages based on State Farm's alleged failure to tender UM benefits in response to medical records provided to State Farm after suit was filed. *See* Rec. Doc. 14-6. It is this latter claim that State Farm now seeks to dismiss.

Thus, State Farm seeks partial summary judgment solely on the limited issue of whether it has a legitimate defense to plaintiff's claim for UM benefits and a good faith basis to withhold a tender of UM benefits and to defend this suit. State Farm does not seek summary judgment at this time as to plaintiff's claim for UM benefits or as to plaintiff's claim for penalties based on the alleged misrepresentation of a State Farm representative.

## II. **APPLICABLE LAW**:

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 234 (5th Cir. 2010) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Once the moving party has

carried this burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "[T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Matsushita,* 475 U.S. at 587). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). Although the Court must draw in favor of the nonmoving party all reasonable inferences that may be drawn from the evidence submitted, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.' " *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994)); *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012). If the nonmoving party cannot produce admissible evidence sufficient to establish an essential element as to which the nonmoving party would bear the burden at trial, entry of summary judgment is mandated. *Celotex Corp.*, 477 U.S. at 322-23.

Section 22:1892 of the Louisiana Revised Statutes requires that insurers "shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest." La. Rev. Stat. § 22:1892(A)(1). "Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor...when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater...." La. Rev. Stat. § 22:1892(B)(1). In addition, pursuant to Section 22:1973 of the

Louisiana Revised, "[f]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" may subject the insurer to penalties "in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." " La. Rev. Stat. § 22:1973(A) – (C).

The conduct prohibited in these two statutes "is virtually identical" — i.e., "the failure to timely pay a claim after receiving satisfactory proof of loss when that failure to pay is arbitrary, capricious, or without probable cause." *Reed v. State Farm Mut. Auto. Ins. Co.*, 857 So. 2d 1012, 1020 (La. 2003). "The primary difference is the time periods allowed for payment." *Id*. Both statutes "are penal in nature and must be strictly construed." *Id.* To recovery penalties, the "plaintiff has the burden of proving that his insurer (1) received satisfactory proof of loss, (2) failed to pay within the required time, and (3) acted in an arbitrary and capricious manner." *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 297 (5th Cir. 2009).

### A.     Satisfactory Proof of Loss:

A plaintiff seeking penalties and attorney fees "has the burden of proving the insurer received satisfactory proof of loss as a predicate to a showing that the insurer was arbitrary, capricious, or without probable cause. *Reed*, 857 So. 2d at 1020. In a claim for UM coverage, "satisfactory proof of loss" is established by showing that the insurer has received "sufficient facts which fully apprise the insurer that (1) the owner or operator of the other vehicle involved in the accident was uninsured or under insured; (2) that he [or she] was at fault; (3) that such fault gave rise to damages; and (4) establish the extent of those damages." *Id.* at 1022 (quoting *McDill v. Utica Mutual Insurance Company*, 475 So. 2d 1085, 1089 (La.1985)).

4

### B. Arbitrary and Capricious:

In addition, both penalty statutes "require proof that the insurer was 'arbitrary, capricious, or without probable cause,' a phrase that is synonymous with 'vexatious.' " *Reed*, 857 So. 2d at 1021. "The sanctions of penalties and attorney fees are not assessed unless a plaintiff's proof is clear that the insurer was in fact arbitrary, capricious, or without probable cause in refusing to pay." *Id.* at 1020. A "vexatious refusal to pay" is one that is "unjustified, without reasonable or probable cause or excuse," and the Louisiana Supreme Court has explained that "both phrases describe an insurer whose willful refusal of a claim is not based on a good-faith defense." *Id.* at 1021. Thus, "penalties are inappropriate when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense." *Id.* at 1020. "Especially when there is a reasonable and legitimate question as to the extent and causation of a claim, bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubts exist." *Id.* The penalty statutes were not intended "to prevent insurers from disputing claims in good faith, including litigating such disputes." *Dickerson*, 556 F.3d at 299. "A refusal to pay the full amount claimed will not be arbitrary and capricious when the dispute has a good faith basis." *Id.*

### III. ANALYSIS:

State Farm argues that the plaintiff cannot meet his burden of establishing a satisfactory proof of loss or the lack of a good faith basis for withholding tender of UM benefits. Specifically, State Farm argues that plaintiff cannot establish two of the *McDill* factors essential to his claim for penalties: (1) that Sykes was underinsured; and (2) that Sykes was at fault in causing the accident. In support, State Farm points to the following uncontested facts: (1) The

5

International Model 4300 truck driven by the Plaintiff rear-ended the 2006 Kia Spectra driven by Qiana S. Sykes; (2) Plaintiff was issued a citation by the investigating police officer for a violation of La. Rev. Stat. § 32:81(A) (*i.e.*, for following another vehicle more closely than is reasonable); (3) Qiana S. Sykes had $30,000 in liability insurance coverage for this accident; and (4) Plaintiff has received payment of the full amount of Sykes' liability coverage. Rec. Docs. 14-2 and 16-1. In addition, State Farm submits the affidavit of Qiana Sykes, wherein she attests *inter alia* that at the time of the accident, she had both her turn signal and her hazard lights activated and was trying to change lanes from the toll tag lane to the cash lane of the toll plaza. *See* Rec. Doc. 14-7. Finally, State Farm points to the legal presumption that the following motorist in a rear-end collision is presumed to have been negligent. *See Mart v. Hill*, 505 So.2d 1120, 1123 (La. 1987).

In response, plaintiff points to the following facts: (1) although Drago was cited for following too closely, Sykes was cited for violating La. Rev. Stat. § 32:64 ("Except when a special hazard exists that requires lower speed... no person shall operate or drive a motor vehicle upon the highways of this state at such a slow speed as to impede the normal and reasonable movement of traffic."); (2) State Farm, in connection with settling Sykes' claim, took the position that Sykes bore twenty percent (20%) of the fault; and (3) plaintiff has informed State Farm that he has incurred $33,746.35 in medical expenses, including for arthroscopic shoulder surgery and lumbar injections.[1]

---

[1] Plaintiff also argues, in a supplemental memorandum, that the Court should deny the instant motion because State Farm has thwarted plaintiff's attempts to take an unrestricted deposition of its representative. *See* Rec. Doc. 22. However, plaintiff has presented no affidavit

Plaintiff argues that based on the foregoing, he has demonstrated that Sykes was at least partially at fault for the accident. If the issue at hand were whether Qiana Sykes might bear some small percentage of fault, then the Court would agree that the plaintiff has presented sufficient material to establish a genuine dispute. However, the issue now before the Court is whether plaintiff has presented satisfactory proof to State Farm that Sykes was (1) underinsured and (2) at fault, such that State Farm has no legitimate, good faith basis for withholding tender of UM benefits. The plaintiff has failed to demonstrate a genuine dispute as to this issue. Even if the Court were to accept State Farm's internal settlement positions as evidence (which the Court agrees with State Farm would be improper), this would put Sykes' fault at twenty percent (20%). Using this allocation of fault and given that Sykes was insured for $30,000, plaintiff would need to show that he had supplied sufficient facts to fully apprise State Farm that his damages exceeded $150,000 in order for him to establish that he provided State Farm with satisfactory proof of loss as to Sykes' underinsured status. He has failed to present any evidence that he has done so. Therefore, the Court finds that no genuine dispute of material fact exists and that State Farm is entitled to judgment as a matter of law on the issue of whether it has heretofore had a legitimate, good faith basis for disputing plaintiff's claims.

## IV. **CONCLUSION**:

Accordingly, for the foregoing reasons;

---

as required under Rule 56(d). Moreover, although the instant motion has been under submission since September 4, 2013, plaintiff has presented the Court with no additional materials.

**IT IS ORDERED** that the Motion for Partial Summary Judgment Regarding Plaintiff's Claim for Bad Faith for Allegedly Failing to Tender UM Benefits filed by State Farm (**Rec. Doc. 14**) is hereby **GRANTED**, and the plaintiff's claims for bad faith based on failure to tender UM benefits are hereby **DISMISSED**.

New Orleans, Louisiana, this 17th day of December, 2013.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**