UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID A. DRAGO | CIVIL ACTION |
| VERSUS | NO.  13-563 |
| QIANA S. SYKES, ET AL | SECTION "N"  (1) |

### ORDER AND REASONS

Before the Court is a second motion to remand filed by the plaintiff **(Rec. Doc. 54)**.

### I. BACKGROUND:

This case arises out of a car accident on September 26, 2011, in which the plaintiff rear-ended a vehicle driven by Qiana Sykes in the Crescent City Connection toll plaza. Plaintiff's insurer, State Farm Mutual Automobile Insurance Company ("State Farm"), settled without litigation the personal injury and property damage claims filed by Ms. Sykes.  One year after the accident, on September 25, 2012, plaintiff filed suit in the Civil District Court, Parish of Orleans, against Sykes, her insurer (Geico Indemnity Company), and State Farm, alleging that Sykes was at fault for the accident and that State Farm owes him underinsured motorist ("UM") coverage.  (Rec. Doc. 4-3).   On December 7, 2012, the plaintiff filed a motion to dismiss Sykes and Geico after settling with Geico for policy limits of $30,000. (Rec. Docs. 4-5 at 7, 4-6). Upon receiving notice of the dismissal, in March 2013, State Farm removed the case to this

Court on the basis of diversity.  The plaintiff filed a motion to remand the case on grounds that State Farm's removal was untimely (Rec. Doc. 4), which this Court denied.  *See* Rec. Doc. 12.

In addition to seeking payment of UM benefits from State Farm, the plaintiff has sought statutory penalties[1] against State Farm on two grounds:  (1) an alleged misrepresentation by a State Farm representative regarding plaintiff's right to make a claim under his UM policy; and (2) State Farm's failure to tender UM benefits in response to medical records provided to State Farm after suit was filed.  *See* Rec. Docs. 14-5 at 8 of 9, 14-6.  State Farm moved to dismiss the latter of these two claims on partial summary judgment.  *See* Rec. Docs. 14.  The issue presented in this motion was whether plaintiff could support an essential element of his statutory claim, namely that he had presented satisfactory proof to State Farm that Sykes was under-insured and at fault, such that State Farm had no reasonable basis for withholding tender of UM benefits.  The Court found that while the plaintiff had come forward with sufficient evidence to demonstrate a genuine dispute as to whether Sykes might bear a small portion of fault for the accident, he had failed to demonstrate a genuine dispute as to whether he had provided State Farm with satisfactory proof of loss as to Sykes' under-insured status.  Rec. Doc. 34 at 7.  Thus, the Court concluded that State Farm was entitled to judgment as a matter of law dismissing the statutory claim to the extent it rests on State Farm's failure to tender UM benefits.  *Id.*  State Farm did not seek summary judgment as to plaintiff's claim for UM benefits or as to plaintiff's claim for penalties based on the alleged misrepresentation of a State Farm representative.  These claims remain pending.

---

[1] *See* La. Rev. Stat. §§ 22:1892 and 22:1973.

**II. LAW AND ANALYSIS:**

After the Court's ruling dismissing plaintiff's claim for statutory penalties based on failure to tender UM benefits, plaintiff filed the instant motion remand, arguing that the Court is without subject matter jurisdiction because the jurisdictional amount is not satisfied.  According to the plaintiff, the Court dismissed the failure-to-tender claim because "the Court did not see damages exceeding $30,000" and "concluded that the value of the case...was valued at less than $75,000."  Rec. Doc. 54-1 at 1, 3.  The motion fails for several reasons.

First, it is well settled that the post-removal dismissal of claims does not oust a federal court's jurisdiction, even if it reduces the amount recoverable below the jurisdictional amount.  *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 293 (1938) ("Thus events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached."); *Reisman v. New Hampshire Fire Ins. Co.*, 312 F.2d 17, 19 (5th Cir. 1963) (where at the time of removal plaintiff had a good faith claim in excess of the $10,000 jurisdictional threshold, district court's granting of summary judgment as to all claims in excess of $9,000.00 did not divest the court of jurisdiction because "once jurisdiction has attached, it cannot be subsequently divested"); *cf. Symes v. Harris,* 472 F.3d 754, 759 (10th Cir. 2006) ("[I]t is well settled that a district court does not lack § 1332 jurisdiction if a plaintiff ultimately recovers less than the required jurisdictional amount, if the district court dismisses part of the plaintiff's claim on a motion for summary judgment (thereby reducing the plaintiff's remaining claim below the requisite jurisdictional amount), or if the plaintiff's complaint reveals that a perfect defense

might be interposed to reduce the alleged amount in controversy below the jurisdictional amount."); *Hall v. EarthLink Network, Inc.*, 396 F.3d 500, 507 (2nd Cir. 2005) ("In a case like the one before us, where the amount necessary for diversity jurisdiction, see 28 U.S.C. § 1332(a), rests on the aggregation of state law claims, a summary judgment dismissing one or more aggregated claims does not defeat jurisdiction even when it reduces the amount in controversy to below the jurisdictional threshold."). The plaintiff asserted at the time of removal (and continues to assert) claims for UM benefits and for statutory penalties that well exceed the jurisdictional threshold.[2] Thus, even if the Court's ruling on partial summary judgment had reduced the amount recoverable below the jurisdictional amount (which it did not), it could have no effect on the Court's subject matter jurisdiction.

Second, the plaintiff's argument is based upon a serious misunderstanding of the Court's ruling on partial summary judgment. The plaintiff argues that the Court "struck Drago's bad faith claim for failure to make a tender" because "the Court did not see damages exceeding $30,000" and "concluded that the value of the case...was valued at less than $75,000." Rec. Doc. 42-1 at 1, 3. He is mistaken. In dismissing the failure-to-tender claim, the Court made no findings or conclusions regarding the extent of plaintiff's damages. The Court simply found that plaintiff had failed to establish a genuine dispute as to whether he had provided State Farm with

---

[2] *See* Notice of Removal, Rec. Doc. 1 at 3-4 (showing that plaintiff's claims for general damages, medical billing expenses, lost wages and lost earning capacity, property damage, diminution in value, penalties, and attorney's fees, if successful, would exceed $75,000); *see also* Rec. Doc. 4-1 (plaintiff arguing that State Farm had earlier notice that amount in controversy exceeded $75,000). Interestingly, at the time of removal, the plaintiff had not even articulated the failure-to-tender theory for penalties that has now been dismissed. *Compare* Rec. Doc. 14-5 at pp. 8 and 9 of 9, *with* Rec. Doc. 14-6.

satisfactory proof that Sykes was under-insured, such that State Farm would have no reasonable basis for refusing to tender UM benefits. Plaintiff has asserted (and continues to assert) that his actual damages far exceed the $75,000 jurisdictional amount. The Court's ruling on partial summary judgment in no way limits plaintiff's ability to establish and recover such damages at trial. Thus, for all of these reasons, the plaintiff's motion fails.

### III. SANCTIONS:

In opposing plaintiff's motion, State Farm requests that the plaintiff be sanctioned pursuant to 28 U.S.C. § 1927 because the motion is without basis in law or fact. Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. An award under section 1927 requires "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.,* — F.3d — , 2014 WL 127131 at *17 (5th Cir. Jan. 14, 2014) (quoting *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 180 (5th Cir.2007) (internal quotations omitted). The sanctions authorized under section 1927 are "'punitive in nature and require clear and convincing evidence' that sanctions are justified." *Lawyers Title,* 2014 WL 127131 at *17 (quoting *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 694 (5th Cir. 2010))

5

(internal quotation marks and citation omitted). Thus, such sanctions are "sparingly applied"[3] and "should be employed 'only in instances evidencing a serious and standard disregard for the orderly process of justice.'" *Lawyers Title,* 2014 WL 127131 at *17 (quoting *FDIC v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994)) (internal quotation marks and citations omitted).

Here, the Court has been presented with no evidence, much less clear and convincing evidence, that plaintiff's second motion to remand was filed as a result of bad faith, improper motive, or reckless disregard of any duty owed the court. Therefore, State Farm's request for sanctions is denied. Accordingly;

**IT IS ORDERED** that:

1) Plaintiff's Motion to Remand **(Rec. Doc. 54)** is hereby **DENIED**; and

2) State Farm's request for sanctions is **DENIED**.

New Orleans, Louisiana, this 23rd day of January, 2014.

                                                                                    _____
                                                                                    **KURT D. ENGELHARDT**
                                                                                    **United States District Judge**

---

[3] *Lawyers Title,* 2014 WL 127131 at *17 (quoting *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir. 1996)) (internal quotation marks and citation omitted).