UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID A. DRAGO | CIVIL ACTION |
| VERSUS | NO. 13-563 |
| QIANA S. SYKES, ET AL | SECTION "N"  (1) |

### ORDER AND REASONS

Before the Court is a Motion for Partial Summary Judgment Regarding Plaintiff's Claim of Misrepresentation **(Rec. Doc. 66)**, filed by defendant State Farm Mutual Automobile Insurance Company ("State Farm").  Opposition and reply memoranda are filed at Rec. Docs. 67 and 72.

### I. BACKGROUND:

This case arises out of a car accident on September 26, 2011, in which the plaintiff rear-ended a vehicle driven by Qiana Sykes in the Crescent City Connection toll plaza. Plaintiff's insurer, State Farm Mutual Automobile Insurance Company ("State Farm"), settled without litigation the personal injury and property damage claims filed by Ms. Sykes.  One year after the accident, on September 25, 2012, plaintiff filed suit in the Civil District Court, Parish of Orleans, against Sykes, her insurer (Geico Indemnity Company), and State Farm, alleging that Sykes was at fault for the accident and that State Farm owes him underinsured motorist ("UM")

coverage. (Rec. Doc. 4-3). On December 7, 2012, the plaintiff filed a motion to dismiss Sykes and Geico after settling with Geico for policy limits of $30,000. (Rec. Docs. 4-5 at 7, 4-6). Upon receiving notice of the dismissal, in March 2013, State Farm removed the case to this Court on the basis of diversity.

In addition to seeking payment of UM benefits from State Farm, the plaintiff has sought statutory penalties[1] against State Farm on two grounds: (1) an alleged misrepresentation by a State Farm representative regarding plaintiff's right to make a claim under his UM policy; and (2) State Farm's failure to tender UM benefits in response to medical records provided to State Farm after suit was filed. *See* Rec. Docs. 14-5 at 8 of 9, 14-6. The Court has already dismissed the latter of these two claims on partial summary judgment. *See* Rec. Doc. 34. State Farm now moves to dismiss the former.

## II. LAW AND ANALYSIS:

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 234 (5th Cir. 2010) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Once the moving party has carried this burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "[T]he nonmoving party must come forward with

---

[1] *See* La. Rev. Stat. §§ 22:1892 and 22:1973.

specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Matsushita,* 475 U.S. at 587). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). Although the Court must draw in favor of the nonmoving party all reasonable inferences that may be drawn from the evidence submitted, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.' " *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994)); *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012). If the nonmoving party cannot produce admissible evidence sufficient to establish an essential element as to which the nonmoving party would bear the burden at trial, entry of summary judgment is mandated. *Celotex Corp.*, 477 U.S. at 322-23.

State Farm moves for dismissal of the misrepresentation claim based on two grounds: (1) the misrepresentation established by plaintiff's evidence does not relate to a "coverage issue," and thus cannot support a claim for statutory penalties; and (2) alternatively, plaintiff is limited to the $5,000 statutory penalty because plaintiff cannot establish that he sustained any general or special damages as a result of the alleged misrepresentation.

### A.   Does the Plaintiff's Evidence Establish a Misrepresentation Relating to a "Coverage Issue"?

The bad faith penalty statute provides in pertinent part:

A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.

>B.   Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A of this Section:
>
>>(1)   **Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.**
>
> *   *   *   *

La. Rev. Stat. § 22:1973(A) and (B).   "A 'misrepresentation' occurs when an 'an insurer either makes untrue statements to an insured concerning pertinent facts [of a policy] or fails to divulge pertinent facts to the insured.' " *Versai Management Corp. v. Clarendon America Ins.*, 597 F.3d 729, 740 (5th Cir. 2010) (quoting *McGee v. Omni Ins. Co.*, 840 So. 2d 1248, 1256 (La. Ct. App. 3rd Cir. 2003)).   "The terms of the statute require that the misrepresentations relate to a 'coverage issue' which would 'involve facts about the policy itself, such as the amount of coverage, lapse or expiration of the policy, or exclusions from coverage.' " *Id.* (quoting *Imperial Trading Co. v. Travelers Prop. Cas. Co.*, No. 06–4262, 2009 WL 2356290, at *3 (E.D. La. July 27, 2009)).

>Here, plaintiff testified in his deposition as follows:
>
>Q.   .... Your allegations in your pleading say that a State Farm adjustor made a misrepresentation in its handling of the claim to you.   What was that misrepresentation?
>
>A.   **She told me that I was at fault, and that you couldn't get paid nothing on UM.**   So that's when I seeked out an attorney.
>
>Q.   So the misrepresentation that you believe the State Farm agent made from the beginning of the handling of the claim to your last direct involvement with the agents was that they assessed fault, determined fault in a way that you disagreed with; correct?
>
>A.   (Witness nodded head in the affirmative.)

4

| | | |
|---|---|---|
| Q. | | Is that right? |
| A. | | Yes. |
| Q. | | Was there any other misrepresentation that you can report to me that you personally know of from your dealings with State Farm? |
| A. | | There wasn't many dealings. I only talked to her once or twice. I couldn't get her back on the phone. |
| Q. | | So the answer is, that's the only misrepresentation that you're aware of? |
| A. | | Right. |

Rec. Doc. 66-6 at 2-3 of 7.   From this, State Farm argues: "Based on the Plaintiff's own testimony, State Farm's alleged misrepresentation relates solely to the liability of the Plaintiff in causing the accident and does not relate to any issue of coverage." Rec. Doc. 66-1 at 7-8.  In so arguing, State Farm relies heavily on *Strong v. Farm Bureau Ins. Co.*, 743 So. 2d 949, 953 (La. Ct. App. 2nd Cir. 1999).   However, the Court finds the facts in *Strong* to be materially different. There, the sole representation at issue was the following statement, contained in a letter sent by a claims representative to the plaintiff: "Our records indicate that our insured had already pre-empted the intersection on a green turn arrow at which time she was in the process of turning, the green arrow disappeared giving you the green light on your side." *Id.*   Given that the statement related solely to facts about the accident, the *Strong* court found that, while the representative had "arguably misrepresented a pertinent fact about liability..., she never misrepresented a fact about coverage." *Id.*   Here, however, the alleged statement is not limited to facts about the accident.  According to the plaintiff's deposition testimony, the representative

5

stated that Drago "was at fault" and that he "couldn't get paid nothing on UM."  Rec. Doc. 66-6 at 2 of 7 (emphasis in original).  Drawing all reasonable inferences in the plaintiff's favor, as the Court must,[2] the Court finds that a reasonable jury could conclude from his testimony that the representative's statements were not restricted to facts about liability for the accident, but also included a representation about the coverage at issue, *i.e.*, that he "couldn't get paid nothing on UM."  Accordingly, the Court finds that State Farm has failed to establish that it is entitled to judgment as a matter of law dismissing this claim.

### B. Can Plaintiff Establish that He Sustained Any General or Special Damages as a Result of the Alleged Misrepresentation, or Is He Limited to the $5,000 Statutory Penalty?

The penalty provision of the bad faith statute provides:

> C.  In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded **penalties** assessed against the insurer in an amount **not to exceed two times the damages sustained or five thousand dollars, whichever is greater**. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

La. Rev. Stat. § 22:1973(C).  State Farm argues that the plaintiff cannot establish that he suffered any damages as a result of the alleged misrepresentation and, therefore, is limited to recovering the $5,000 penalty provided in the statute.  The Court agrees.  As set forth above, the plaintiff promptly sought the services of counsel upon allegedly being told by State Farm that he could not be paid benefits under his UM coverage.  *See* Rec. Doc. 66-6 at 2 of 7 ("She told me that I was at fault, and that you couldn't get paid nothing on UM.  So that's when I seeked out an attorney.").  It is

---

[2] *E.g., Turner*, 476 F.3d at 343.

uncontested that the plaintiff's notice of claim was timely and that he filed this lawsuit before any prescriptive period had expired.  *See* Rec. Doc. 66-1 at 8 of 11.  Further, in his deposition, the plaintiff testified as follows:

> Q.   My question to you, sir, you told me you think State Farm misrepresented something to you.  How were you damaged by that misrepresentation?  How has it hurt you?  How has it affected you either economically or in any fashion?
>
> A.   Because they haven't paid for my medical bills.
>
> \*   \*   \*   \*
>
> Q.   Other than their failure to pay, which you believe they owed you, which you say was the medical bills and for pain and suffering associated with your problems —
>
> A.   Correct.
>
> Q.   — did State Farm's misrepresentation damage you in any other way?
>
> A.   That's all I can think of.

*See* Rec. Doc. 66-6 at 4-5 of 11.  Crediting this testimony fully and drawing all reasonable inferences in the plaintiff's favor, no reasonable jury could conclude that the plaintiff sustained any damages as a result of the alleged misrepresentation.  To the contrary, it is clear from his testimony that his only damages are those for which he seeks recovery under the UM provisions of his policy.

Contrary to his deposition testimony, in opposition to the instant motion, the plaintiff has submitted an affidavit stating that he was "disappointed and confused" upon hearing that he could not recover under his UM policy and that he felt "anxious and stressed" as a result.  Rec. Doc. 67-2 at 5-6 of 6.  Thus, he argues, he can establish damages resulting from the misrepresentation.  However, a non-moving party cannot raise a dispute of material fact simply by submitting an

affidavit contradicting his own prior testimony.  *Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 386 (5th Cir.2000); *see also Bacon v. EDS*, 219 Fed. App'x 355 (5th Cir. 2007); *Albertson v. T.J. Stevenson & Co., Inc.*, 749 F.2d 223, 228 (5th Cir. 1984) ("Although the court must resolve all factual inferences in favor of the nonmovant, the nonmovant cannot manufacture a disputed material fact where none exists....Thus, the nonmovant cannot defeat a motion for summary judgment by submitting an affidavit which directly contradicts, without explanation, his previous testimony."). Defense counsel's questions to the plaintiff were clear ("How were you damaged by that misrepresentation?  How has it hurt you?  How has it affected you either economically or in any fashion?"), and the plaintiff's answers under oath were equally clear.   He cannot now defeat summary judgment with an affidavit to the contrary.   Thus, State Farm is entitled to judgment as a matter of law limiting bad faith penalties to the $5,000 statutory amount.

Accordingly;

**IT IS ORDERED** that the Motion for Partial Summary Judgment Regarding Plaintiff's Claim of Misrepresentation **(Rec. Doc. 66)**, filed by defendant State Farm Mutual Automobile Insurance Company is hereby **GRANTED IN PART**, in that plaintiff's claim for damages arising from the alleged misrepresentation is dismissed, and plaintiff shall be limited to recovering the statutory penalty of $5,000 for that claim, and **DENIED IN PART**, in that it is denied in all other respects.

New Orleans, Louisiana, this 2nd day of May, 2014.

**KURT D. ENGELHARDT**
**United States District Judge**